[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this matter has filed an application to have an arbitration award vacated. Defendant has moved to have the arbitration award confirmed.
The parties have not filed a Stipulation of Facts, but the Court, on the basis of the filed briefs, can reasonably find the facts to be as follows.
On May 14, 1988, plaintiff's daughter died as a result of injuries sustained in an accident while a passenger in a vehicle owned by her father and operated by one Steven Boucher.
Boucher's liability carrier, Metropolitan, paid plaintiff the full amount payable under that policy, $50,000. Prudential, the defendant and insurer of the Jewett vehicle paid the full coverage amount of $300,000
Plaintiff then sought underinsured motorist benefits under a policy issued by Prudential which provides for uninsured motorist coverage on three other vehicles. CT Page 4568
On November 6, 1990, the three arbitrators issued a unanimous ruling that under the policy language, the statute and the applicable insurance department regulation, no underinsured motorist coverage is available.
The plaintiff now moves, pursuant to Connecticut General Statutes, Section 52-418, to vacate that award on the basis that the arbitrators so exceeded their powers or so imperfectly executed them that a "mutual, final and definite award was not made."
A. Scope of Review
"[W]here judicial review of compulsory arbitration proceedings required by Section 38-175c(a)(1) is undertaken under General Statutes Section 52-418, the reviewing court must conduct a de novo review of the interpretation and application of the law by the arbitrators." American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 191 (1987).
B. Uninsured Motorist Coverage
Although other issues are raised in the plaintiff's brief, the determinative issue in this case is the applicability of Connecticut General Statutes Section 38-175c, which provides, in pertinent part:
Section 38-175c. Uninsured Motorist Coverage.
 (a)(1) Every such policy shall provide insurance, herein called uninsured motorist coverage, in accordance with such regulations, with limits for bodily injury or death not less than those specified in subsection (a) of section 14-112, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and underinsured motors vehicles and insured motor vehicles, the insurer of which becomes insolvent prior to payment of such damages, because of bodily injury, including death resulting therefrom, provided each insurer licensed to write automobile liability insurance in this state shall provide such uninsured motorists coverage with limits requested CT Page 4569 by the named insured upon payment of the appropriate premium, but such insurer shall not be required to provide such coverage with limits in excess of the limits of the bodily injury coverage of such policy issued to such named insured. No insurer shall be required to provide uninsured motorist coverage to (A) a named insured or relatives residing in his household when occupying, or struck as a pedestrian by, an uninsured or underinsured motor vehicle or a motorcycle that is owned by the named insured, or (B) to any insured occupying an uninsured or underinsured motor vehicle or motorcycle that is owned by such insured. Every such policy issued on or after October 1, 1971, which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding. With respect to any claim submitted to arbitration on or after October 1, 1983, the arbitration proceeding shall be conducted by a single arbitrator if the amount in demand is forty thousand dollars or less or by a panel of three arbitrators if the amount in demand is more than forty thousand dollars."
Connecticut General Statutes Section 38-175c (rev'd to 1989.)
The statute was amended in 1983 by Public Act 83-461 to add the provision that:
 "No insurer shall be required to provide uninsured motorist coverage to (A) a named insured or relatives residing in his household when occupying, or struck as a pedestrian by, an uninsured or underinsured motor vehicle or a motorcycle that is owned by the named insured, or (B) to any insured occupying an uninsured or underinsured motor vehicle or motorcycle that is owned by such insured."
Connecticut General Statutes Section 38-175c (rev'd to 1989) (emphasis added).
Clearly, the exclusionary language of the above CT Page 4570 statute applies to the instant case. Plaintiff's argument that the legislative history proves that statute was designed only to deny uninsured motorist benefits to those who do not comply with the state's compulsory automobile insurance law, is not persuasive. The statute is plain and unambiguous and therefore the Court need look no further for guidance through legislative intent.
A recent Connecticut Supreme Court case, Travelers Ins. Co. v. Kulla, 216 Conn. 390 (1990) is dispositive of the issues in this case.
In somewhat similar circumstances, the Kulla court rejected the defendant's argument and held that Connecticut General Statutes Section 38-175c(a)(1)(A) clearly excludes a resident relative from underinsured motorist benefits when the resident relative is injured while occupying an underinsured motor vehicle that is owned by the named insured.
The arbitration award is confirmed.
MIHALAKOS, J.